IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01903-BNB

CARLTON DUNBAR,

    Plaintiff,

v.

WARDEN RIOS,
LIEUTENANT RICHIE,
LIEUTENANT HAPNEY,
DOCTOR BAHDRA,
NURSE MCENTYRE,
DHO MRS. PARR,
S.I.S. STUMBO,
C.O. MEEK,
CAPTAIN GORDOZE,
LIEUTENANT SNYDER,
DOCTOR PABLO-CRUZ,
NURSE MAYNARD,
NURSE ENDECOTT,
PSYCHOLOGIST DR. KING,
CHAPLAIN NEVEN,
C.O. J. HALL,
C.O. J. STEPHENS,
C.O. BROWN,
C.O. TOMPKINS,
C.O. DELONG,
C.O. ADAMS, and
UNKNOWN (B.O.P.) OFFICIALS,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 22 2009

GREGORY C. LANGHAM
                CLERK

## ORDER TRANSFERRING CASE

Plaintiff is a prisoner in the custody of the United States Bureau of Prisons at the United States Penitentiary, Administrative Maximum, at Florence, Colorado. Plaintiff initiated this action by filing *pro se* a Prisoner Complaint. On August 20, 2009, Plaintiff

filed an amended Prisoner Complaint. Plaintiff claims in this action that his rights under the United States Constitution were violated while he was incarcerated at the United States Penitentiary (USP) Big Sandy in Inez, Kentucky. Plaintiff alleges that all of the named Defendants are prison officials at USP Big Sandy.

The Court must construe the amended Prisoner Complaint liberally because Plaintiff is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Construing the amended Prisoner Complaint liberally, it is apparent that the Court lacks personal jurisdiction over the named Defendants and that venue is not proper in the District of Colorado. Plaintiff also recognizes that this action should not have been filed in the District of Colorado because he has filed on September 23, 2009, a motion for a change of venue in which he states that he filed this action in the wrong jurisdiction.

Even in the absence of Plaintiff's motion to change venue, "[a] court may *sua sponte* cure jurisdictional and venue defects by transferring a suit under the federal transfer statutes, 28 U.S.C. §§ 1406(a) and 1631, when it is in the interest of justice." *Trujillo v. Williams*, 465 F.3d 1210, 1222 (10th Cir. 2006). Pursuant to § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Pursuant to § 1631, if the Court "finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed."

As noted above, Plaintiff claims that his constitutional rights were violated while he was incarcerated at USP Big Sandy and he alleges that the named Defendants are prison officials at USP Big Sandy. Therefore, the Court finds that this action could, and should, have been brought in the United States District Court for the Eastern District of Kentucky, the judicial district in which USP Big Sandy is located. The Court also finds that it would be in the interest of justice to transfer this case to the Eastern District of Kentucky rather than to dismiss it. Accordingly, it is

ORDERED that the motion for change of venue filed on September 23, 2009, is granted. It is

FURTHER ORDERED that the clerk of the Court transfer this action to the United States District Court for the Eastern District of Kentucky pursuant to 28 U.S.C. §§ 1406(a) and 1631.

DATED at Denver, Colorado, this 21 day of Oct, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-01903-BNB

Carlton Dunbar
Reg No. 32660-007
US Penitentiary ADX
P.O. Box 8500
Florence, CO 81226-8500

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 10/22/09

GREGORY C. LANGHAM, CLERK

By: _[signature]_
    Deputy Clerk